ON REMAND FROM THE SUPREME COURT OF LOUISIANA
DENNIS R. BAGNERIS, SR., Judge.
The matter before us is a writ application that has been remanded to this court by the Louisiana Supreme Court for filing of briefs, oral argument, and issuance of an opinion. In the writ application, the defendant, the Housing Authority of New Orleans (“HANO”) seeks to reverse the trial court’s grant of an exception of no cause of action to the plaintiff, Irvin J. Kohler, AIA, a professional Architectural Corporation (“Kohler”). For the following reasons, we grant the writ application and reverse the trial court’s judgment maintaining Kohler’s exception of no cause of action.
FACTS AND PROCEDURAL HISTORY
This suit arises out of a contractual relationship between HANO and Kohler where Kohler alleged breach of contract. On March 2, 2000, a default judgment was rendered in favor of Kohler and against HANO in the amount of ninety-three thousand five hundred forty-three and 99/100 dollars ($93,543.99).
On June 23, 2000, Kohler filed garnishment interrogatories directed to Bank One, ordering the garnishment of $103,006.86 from HANO’s general operating account. On August 8, 2000, HANO filed a petition for injunction and motion for temporary restraining order seeking to stop the garnishment on the grounds that it | ¡¡is statutorily exempt from seizure under La. R.S. 40:405. Thereafter, the trial court ordered the garnishment interrogatories concerning the funds of HANO be stayed.
On August 15, 2000, Kohler filed an exception of no cause of action arguing that HANO is not a local housing authority under La. R.S. 40:405 or in the alternative that La. R.S. 40:405 is unconstitutional under the Louisiana Constitution Article 1 § 23, which prohibits a law from impairing the obligations of contract. On November 21, 2000, the trial court granted Kohler’s exception of no cause of action.
On November 28, 2000, in docket number 2000 C 2558, this court denied HANO’s supervisory writ, with Judge Plotkin dissenting. Thereafter, HANO applied for *853 writs with the Louisiana Supreme Court. On December 15, 2000, in docket number 2000 CC 3259, the Supreme Court granted the writ application and remanded the case to this court for briefing, argument and opinion.
DISCUSSION
In its Per Curiam to this court on November 27, 2000, the trial court explained its decision to grant Kohler’s exception of no cause of action as follows:
In issuing its ruling, the Court relied on the excellent oral argument by plaintiffs counsel. The Court was convinced by the reasoning in Attorney General Opinion 93-26, dated June 7, 1993. In addition, La. R.S. 40:483 requires local housing authorities to pay when due all indebtedness of the authority and make all payments required by contract. The Housing Authority of New Orleans was found to be indebted to the plaintiff. Plaintiff is entitled to collect.
In its writ application, HANO argues that the Attorney General opinion that the trial court relied upon is irrelevant due to La. R.S. 40:405 and its predecessor, La. R.S. 40:503. We agree.
| ci HANO is statutorily and constitutionally exempt from seizure and garnishment under La. R.S. 40:405 and the Louisiana Constitution Article 12, Section 10(C).
The Louisiana Constitution, Article XII Section 10(c) provides:
... the legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages. It shall provide a procedure for suits against the state, a state agency, or a political subdivision and provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. The legislature may provide that such limitations, procedures, and effects of judgments shall be applicable to existing as well as future claims. No judgment against the state, a state agency, or a political subdivision shall be exigible payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered.
La. R.S. 40:503. Exemption of property from execution sale (in effect until August 14,1997)
No execution or other judicial process shall issue against the immovable or movable property of an authority and no judgment shall be charged upon it. However, provisions of this Section do not apply to or limit the right of an obligee to foreclose or otherwise enforce any mortgage given by an authority. (Emphasis added)
La. R.S. 40:405 Exemptions from levy and Execution (replaced La. R.S. 40:503; effective on August 15,1997)
Except to the extent a local housing authority or its subsidiaries may otherwise expressly agree, all real and personal property of a local housing authority and its subsidiaries shall be exempt from execution, levy, and sale for the payment of debt or otherwise pursuant to any judicial or other process. (Emphasis added)
Kohler first argues that the Louisiana Constitution Article 12 Section 10(c) is not applicable to this case because HANO is neither a state agency nor a political subdivision of the state; however, the definition set out in La. R.S. 13:5102(B) Lstates that an authority is a political subdivision. Further, La. R.S. 40:384(16) specifically defines local housing authorities as political subdivisions of this state. Accordingly, we find no merit to Kohler’s reliance on *854 the Attorney General Opinion 93-26 (June 7, 1993) for the proposition that HANO is not a political subdivision.
Kohler next argues that La. R.S. 40:405 is not applicable to this case because it was passed subsequent to the contract that he entered into with HANO; however, we find that La. R.S. 40:503, the predecessor to La. R.S. 40:405, espoused the same restrictions upon methods of collecting judgments from a housing authority. Thus, La. R.S. 40:405 does not substantively change the contractual relationship of the parties, and it is not a retroactive application of new law to the parties. Accordingly, we find that La. R.S. 40:405 is constitutional, and that it specifically exempts HANO’s general funds from garnishment by Kohler.
Further, we find that the trial court’s reliance on La. R.S. 40:483 and the affirmative duty of the housing authority to pay its debts and meet its contractual requirements is not incongruous with statutory and constitutional restrictions on the methods of recovery. The Louisiana Constitution Article 12, Section 10(C) and La. R.S. 40:405 neither prevent Kohler from collecting on debts, nor do they discharge HANO from its duty to meet its contractual obligations. Instead, the constitutional and statutory restrictions merely distinguish those methods of recovery that are not permissible under state law in connection with the state’s power of providing for the public welfare.
Accordingly, HANO’s writ application is granted, the trial court judgment granting Kohler’s exception is hereby reversed, and judgment is rendered in HANO’s favor, finding that HANO is statutorily and constitutionally immune from ^garnishment of public funds under the Louisiana Constitution Article 12, Section 10(C) and La. R.S. 40:405.

WRIT GRANTED; REVERSED.