Dear Ms. Hazeur:
You have asked our office to provide an opinion as to whether the Housing Authority of New Orleans and the New Orleans Municipal Yacht Harbor ("MYH") are exempt from paying filing fees pursuant to La.R.S.13:4521.
La.R.S. 13:4521, titled "State and its subdivisions, boards, and commissions not required to pay court costs; exceptions," provides, in pertinent part:
 A.(1) Except as provided in R.S. 13:5112, R.S. 19:15
and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state, including particularly but not exclusively those courts in the parish of Orleans and the city of New Orleans . . .
 [. . .]
 (5) As the term is used in this Section, "political subdivision" means any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, agency, authority, or an agency or subdivision of any of these, and any other public or governmental body of any kind which is not a state agency. *Page 2 
A "political subdivision" is defined by La.R.S. 13:5102(B)(1) as including:
 [a]ny parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency.
Additionally, the constitution defines a "political subdivision" as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions." La.Const. art. VI, § 44(2). Your question requires an examination of the nature of the two entities at issue to determine whether such entities are exempt from payment of court costs as described by La.R.S. 13:4521.
As to the Housing Authority of New Orleans, La.R.S. 13:4521(A)(5) includes an "authority" in the definition of a political subdivision. Additionally, La.R.S. 40:384(16) clearly identifies a "local housing authority" or "authority" as a political subdivision of the state.[1]
It is the opinion of this office that the Housing Authority of New Orleans is a political subdivision of the state, and thus, pursuant to La.R.S. 13:4521, is exempt from paying filing fees.[2]
You have also asked our office to provide an opinion as to whether the MYH is required to pay filing fees pursuant to La.R.S. 13:4521.
Before moving forward with this question, we note that the MYH is managed by the New Orleans Municipal Yacht Harbor Management Corporation ("MYHMC"), a non-profit, public benefit corporation, as explained in further detail below. Consistent with the leasing agreement between the City of New Orleans and the MYHMC, if the MYH were to file suit, such would be done by the MYHMC on behalf of the MYH.[3] Therefore, the relevant question to your inquiry is whether the MYHMC is a "political subdivision" as understood by La.R.S. 13:4521, and thereby exempt from paying filing fees.
As we understand it, the MYH is property of the City of New Orleans, and in 2006, the City of New Orleans entered into a Lease Agreement with the MYHMC, leasing the Harbor to the corporation for a term of ninety-nine years. The information provided to us indicates that the MYHMC is a non-profit, public benefit corporation organized in accordance with the authority granted by Ordinance No. 7026, M.C.S., adopted January 18, 1979. Such ordinance specifically authorized the Mayor of the City of New Orleans *Page 3 
to incorporate the MYHMC to administer and manage the Municipal Yacht Harbor Properties in the City of New Orleans. According to Article IV of the Articles of Incorporation, which are attached to and part of the Ordinance, the MYHMC "is organized solely and exclusively for the purpose of operating and maintaining the Municipal Yacht Harbor Properties of the City of New Orleans . . ." Article III provides that no wages, salaries, compensation, dividends, profits, distributions or property shall ever benefit any shareholder, officer or member of the Board of Directors of the MYHMC under any circumstances whatsoever. Further, should the MYHMC ever cease to exist or dissolve, any and all assets shall be turned over to the City of New Orleans. See Article XI, Articles of Incorporation.
As described above, the MYH is owned by the City of New Orleans. The MYHMC is a non-profit, public benefit corporation incorporated by the Mayor of the City of New Orleans as authorized by the City of New Orleans. The Board of Directors for the MYHMC may not receive payment or compensation of any kind under any circumstances. The sole and exclusive purpose of the MYHMC is a governmental function: to operate and maintain particular property and ventures owned by the City of New Orleans.
These factors suggest that the MYHMC is a "political subdivision" as anticipated by La.R.S. 13:4521(A)(5) (". . . and any other public . . . body of any kind . . .") and La.Const. art. VI, § 44(2) (". . . unit of local government . . . authorized by law to perform governmental functions."). As such, it is the opinion of this office that the MYHMC should not be required to pay filing fees as described in La.R.S. 13:4521.
We hope that this opinion has adequately addressed the legal issues you have raised.
If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB
[1] See also Kohler v. Housing Authority of New Orleans, 2000-2558 (La.App. 4 Cir. 3/6/02), 812 So.2d 851.
[2] La. Atty. Gen. Op. No. 78-1585 is recalled to the extent that it opines otherwise.
[3] Ordinance No. 22229, M.C.S., adopted March 16, 2006, authorizes the City of New Orleans to lease MYHMC "all the city's rights in and to the immovable properties known as the riparian lands on the shores of Lake Pontchartrain, Municipal Yacht Harbor, all in the Seventh District of the City of New Orleans . . ."